UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RASHSHAWNDYAR GAINES, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-cv-1350 |
| ) | |
| E. TREVINO, *et al.*, ) | |
|    Defendants. ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, files suit under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Pontiac Correctional Center ("Pontiac"). This cause is before the Court for a merit review of Plaintiff's Complaint. (Doc. 1). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. In reviewing the Complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff files suit against Nurse Deborah Bey, Correctional Officer E. Trevino, Sergeant Smith, Lieutenants Boldin and Blackwell, Nurse Practitioner Cheryl Hensen, Adjustment Committee Chairperson Adalberto Torrez, and IDOC Director Latoya Hughes.

1

Plaintiff alleges that Defendant Nurse Deborah Bey and the escorting med pass officer, Defendant E. Trevino, came to his cell (cell #740 in the north cellhouse) on December 15, 2022, to give him his medication. When Defendant Trevino opened the food hatch door, Plaintiff placed his hand in the hatch and demanded his religious diet food tray. Defendant Trevino and Plaintiff spoke for a couple minutes, but suddenly, Defendant Trevino lunged for Plaintiff's right hand, grabbed his middle and right ring fingers, and bent and jerked Plaintiff's fingers to force him to release the food hatch door. Plaintiff screamed "stop" and "he's trying to break my fingers." Plaintiff admits he did not release his grip on the door. Defendant Trevino then slammed the door on Plaintiff's fingers multiple times and left them jammed in the door until his superiors arrived.

When Defendants Segreant Smith and Lieutenants Boldin and Blackwell arrived, they saw Plaintiff's fingers jammed in the food hatch door. Plaintiff complained to Defendants Smith, Boldin, and Blackwell that he was in extreme pain and asked for medication attention, but they refused.

Approximately one or two hours after the incident, Defendant Bey returned to give another inmate his medication. Plaintiff told Defendant Bey he was in extreme pain, was unable to bend or move his finger, and that his finger might be broken. Plaintiff alleges Defendant Bey walked away and refused to provide medical attention.

On December 19, 2022, Defendant Nurse Practitioner Cheryl Hensen examined Plaintiff's finger. Plaintiff alleges his finger was purple, 3-4 times the normal size, had no mobility, and was throbbing. Defendant Hensen ordered x-rays and prescribed Tylenol and Ibuprofen.

Three months after the incident, Plaintiff continued to experience pain and swelling. Defendant Hensen prescribed methylprednisolone (steroid). Plaintiff requested a refill and follow-

2

up treatment, but Defendant Hensen allegedly failed to follow-up and "used tactics to discourage [him] from treatment." (Doc 1 at p. 8).

Defendant Trevino issued Plaintiff a disciplinary report for "staff assault," which Plaintiff claims was false. Plaintiff alleges that Defendant Adjustment Committee Chairperson Adalberto Torrez refused to interview his three witnesses and failed to review and properly interpret the camera footage.

Plaintiff states the Defendant IDOC Layota Hughes "is [his] last relief to liberate and expunge false staff assault 102(b) that's hindering [him] from working, going home sooner, and time [he] served in segregation." *Id.*

## ANALYSIS

### Excessive Force

The Court finds Plaintiff has stated an Eighth Amendment excessive force claim against Defendant Trevino based on the alleged incident on December 15, 2022. To state an excessive force claim, Plaintiff must show that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, 'a claim ordinarily cannot be predicated on a *de minimis* use of physical force.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837–38 (7th Cir. 2001) (internal citations omitted).

### Failure to Intervene

The Court also finds that Plaintiff states a failure to intervene claim against Defendant Bey, who observed the entire incident and did not step in to prevent the harm. *See Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994); *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009).

**Deliberate Indifference**

"In order to prevail on an Eighth Amendment claim for failure to provide medical care, a plaintiff has the burden of demonstrating that '(1) the harm to the plaintiff was objectively serious; and (2) the official was deliberately indifferent to [his] health or safety.'" *Pinkston v. Madry*, 440 F.3d 879, 891 (7th Cir. 2006) (quoting *Board v. Farnham*, 394 F.3d 478, 469 (7th Cir. 2005)).

The Court finds that Plaintiff has stated an Eighth Amendment deliberate indifference claim against Defendants Smith, Boldin, Blackwell, and Bey for refusing to provide medical care for his injuries and pain after the alleged incident on December 15, 2022. *See Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff admits that Defendant Hensen provided medical treatment, but he claims she did not provide sufficient follow-up care and "used tactics to discourage [him] from treatment." (Doc. 1 at p. 8). Plaintiff provides no further details, however. The Court finds that Plaintiff's sparse allegations are insufficient to state a deliberate indifference claim against Defendant Hensen. Defendant Hensen is DISMISSED without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.

**Due Process Claim**

The Court now considers Plaintiff's Fourteenth Amendment due process claim. Plaintiff pleads that Defenant Trevino filed a false report against him for "staff assault," and Defendant Torrez refused to interview his witnesses and misinterpreted the camera footage.

It is well-established that a prisoner is entitled to due process where there is a protected liberty or property interest at stake. *Domka v. Portage Cnty.*, 523 F.3d 776, 779-80 (7th Cir. 2008). A procedural due process claim requires a two-part analysis: whether the Plaintiff was deprived of a protected liberty or property interest, and if so, what process was due. *Hamlin v. Vaudenberg*, 95

4

F.3d 580, 584 (7th Cir. 1996). In other words, if a constitutional right is identified, then procedural due process must be provided. *Brokaw v. Mercer Cnty.,* 235 F.3d 1000, 1020 (7th Cir. 2000). A protected liberty interest is implicated if, as a result of the disciplinary conviction, the prisoner's sentence is increased, as in the loss of good time credit, or where he is subjected to "atypical and significant hardship… in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995); *Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997). Merely placing a prisoner in segregation does not amount to an atypical or significant change in circumstances. *Lekas v. Briley*, 405 F.3d 602, 607-11 (7th Cir. 2005); *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) (liberty interest *may* arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh") (citing *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995)).

      Here, Plaintiff does not indicate if the Adjustment Committee's findings were overturned, allege a specific loss of good time credits, or plead that he was held under atypical conditions in segregation. He also does not plead how long he was held in segregation or whether he lost certain privileges. The Court finds that Plaintiff's allegations are insufficient to state a due process claim. *See Lekas*, 405 F.3d at 613 (90 days in segregation with loss of contact visits, loss of telephone and commissary privileges, and the inability to participate in programs did not implicate protected liberty interests); *see also Williams v. Brown*, 849 F. App'x 154, 156 (7th Cir. 2021) (lengthy period of segregation and harsh conditions may violate due process). Plaintiff's due process claim is dismissed without prejudice. Defendant Torrez is DISMISSED without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.

**Defendant Hughes**

Plaintiff named IDOC Director Layota Hughes as a Defendant, but his allegations are insufficient to state a claim. Defendant Hughes is not liable based solely on her supervisory role as IDOC Director. *See Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017) ("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates."). If state prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Defendant Hughes is DISMISSED without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.

## MOTION TO REQUEST COUNSEL

Finally, Plaintiff filed a Motion to Request Counsel. (Doc. 4). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a request for counsel, the Court must first determine if the plaintiff made a reasonable attempt to obtain counsel or was effectively precluded from doing so. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citing *Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017)). Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show the plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711.

Here, Plaintiff attached only two letters from attorneys who declined to represent him. He did not provide any additional information about other attorneys he contacted. The Court finds that Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Plaintiff's motion is denied with leave to renew. If Plaintiff renews his motion, he is directed to attach copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

IT IS THEREFORE ORDERED:

1) According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged sufficient facts to proceed on an Eighth Amendment excessive force claim against Defendant Trevino, a failure to intervene claim against Defendant Bey, and a deliberate indifference claim against Defendants Smith, Boldin, Blackwell, and Bey. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants Cheryl Hensen, Adalberto Torrez, and Latoya Hughes are DISMISSED without prejudice. The Clerk is directed to TERMINATE Defendants Hensen, Torrez, and Hughes.

3) Plaintiff's Motion to Request Counsel [4] is DENIED.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be

considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) Plaintiff shall be provided a copy of all pertinent medical records upon request.

12) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 1/10/2024

                                                                           s/ James E. Shadid
                                                                           James E. Shadid
                                                                           U.S. District Court Judge